The Honorable Chris Piazza Prosecuting Attorney P. O. Box 1979 Little Rock, Arkansas 72203
Dear Mr. Piazza:
This is in response to a request for an opinion forwarded to this office by Deputy Prosecuting Attorney Dale E. Adams. The following specific questions have been posed:
 (1) Whether a purchaser who redeems delinquent property from the State of Arkansas is responsible for the previous year's taxes on the redeemed property?
 (2) If the answer to the question is yes, for how many years is the purchaser responsible?
I assume that these questions are asked in relation to the redemption procedure set forth in Act 626 of 1983, codified as A.C.A. 26-37-101 et seq. (Supp. 1987). A.C.A. 26-37-101 states in pertinent part that the county clerk shall transfer all tax delinquent lands to the State ". . . indicating all taxes, penalties, interest and costs due. . . ." 26-37-101 states further that in order to purchase at the State Land Commissioner's sale, "the redeemer of tax delinquent land shall pay all delinquent taxes plus a ten percent (10%) penalty, ten percent (10%) simple interest for each year of the delinquency, and costs incurred by the county and the State Land Commissioner."
A.C.A. 26-37-303 should also be noted in response to these questions wherein it is stated that, following the thirty (30) day period for redemption by the owner subsequent to a sale, "the successful bidder shall pay all taxes, penalties, interest and costs associated with the sale and the Commissioner of State Lands shall issue a limited warranty deed to such land."
It is clear from the foregoing that "all delinquent taxes" must be paid by a purchaser who redeems delinquent property. This would, it seems, include all delinquent taxes at the time of certification to the State by the county clerk, as well as taxes that have accrued prior to a sale by the Commissioner of State Lands. It therefore appears that the answer to your first question is yes, assuming that those taxes are due and owing at the time of the sale.
In response to your second question, there appear to be no limitations on the language of the foregoing statutes with respect to the obligation to pay "all delinquent taxes." In the absence of any limitation in this regard, it must be concluded that all delinquent taxes are to be paid regardless of the number of years involved.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.